**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

JANET NICOLATOS,

    Plaintiff,

vs.

CARGO TOURS INTERNATIONAL INC.,
A Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT**

    COMES NOW, Plaintiff JANET NICOLATOS, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant CARGO TOURS INTERNATIONAL INC., a Foreign Profit Corporation, (hereinafter "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This is an action brought under the Pregnancy Discrimination Act of 1978, an Amendment to the Civil Rights Act of 1964 (42 U.S.C. § 2000e(k)).

2. Jurisdiction is conferred on this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

3. This court has supplemental jurisdiction over the state law claim contained herein pursuant to 28 U.S.C. §1367, because that claim arises from the same case or controversy and from a common nucleus of operative facts.

4. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

## PARTIES

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. Plaintiff was, at the time of the facts which give rise to this lawsuit, a pregnant woman. She was therefore a member of a protected class under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act ("FCRA") because the terms, conditions, and privileges of her employment were affected due to her status as a pregnant woman.

7. Defendant is a Foreign Profit Corporation with its principal place of business in Doral, Florida. All facts which give rise to this complaint occurred in Miami, Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff was an employee covered by Title VII, and the FCRA in that she was subjected to negative, disparate treatment by her employer based her status as a pregnant woman.

10. Plaintiff alleges causes of action for violations of the Title VII and the FCRA as a result of the adverse treatment to which Defendant subjected Plaintiff, including but not limited to, termination.

11. Plaintiff has exhausted her administrative remedies by filing a timely Charge of Discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

12. Plaintiff's Charge was filed on or about October 26, 2021. The actions complained of herein occurred no more than 300 days before that date and/or continued from that date stemming from the same actions set forth in the Charge.

13. Plaintiff was terminated from her position on or about August 9, 2021. Her Charge was therefore timely filed.

14. Plaintiff was issued a Notice of Right to Sue on May 24, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

15. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

16. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

17. Plaintiff was employed by Defendant as an account specialist from on or about June 28, 2021, through on or about August 9, 2021, under the direct supervision of Zaira Huerta (hereinafter "Huerta").

18. Because of Plaintiff's extensive experience in the industry, she was fully qualified for the position for which she was hired.

19. On or about July 11, 2021, Plaintiff advised her supervisor, Huerta of her pregnancy.

20. Huerta requested that she attend Plaintiff's ultrasound to confirm her pregnancy.

21. Approximately a week after Huerta confirmed Plaintiff's pregnancy, Huerta demanded Plaintiff notify the president of the company, Giuseppe Delli Carpini (male) (hereinafter "Carpini"), of her pregnancy even though she did not report directly to him.

22. On or about July 14, 2021, Plaintiff informed Carpini of her pregnancy over the phone in front of Huerta.

23. On or about July 25, 2021, Huerta was going to be out on vacation. Huerta told Plaintiff she did not want to leave her alone in the office. Therefore, Huerta required that Plaintiff attended a training in the New York offices until on or about July 28, 2021.

24. Plaintiff did as she was instructed. However, upon her arrival to New York, Plaintiff discovered there was no training scheduled. Furthermore, Defendant made no arrangements and/or accommodations for Plaintiff to be picked up and driven while she was in New York, which caused a lot of stress for Plaintiff.

25. On or about July 29, 2021, Plaintiff returned to the Miami office. Upon her return, Plaintiff noticed that Carpini and Huerta were treating her differently.

26. Specifically, over the course of the next few weeks, Huerta and Carpini systematically excluded Plaintiff from within the work environment, excluded her from communications, and provided none of the requisite job support to Plaintiff.

27. On or about August 9, 2021, Plaintiff was terminated without valid cause. The reason provided by Defendant that they loss important clients and the lobster business as a whole was false.

28. Upon information and belief, Plaintiff contends that after her termination, Defendant hired a male employee to replace her.

29. Plaintiff's pregnancy was, at minimum, a motivating factor in Defendant's decision to terminate her employment.

30. Plaintiff has retained the undersigned firm to represent her in this action and has agreed to pay it reasonable fees.

## COUNT I
## PREGNANCY DISCRIMINATION IN VIOLATION
## OF THE PREGNANCY DISCRIMINATION ACT OF 1978

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30, of this complaint as if set out in full herein:

32. Defendant was under obligation to treat Plaintiff the same as any other non-pregnant employee, which includes providing the same job opportunities, benefits and treatment under the Pregnancy Discrimination Act of 1978, an amendment to the Civil Rights Act of 1964.

33. Without just cause or reason, Defendant, through Carpini and Huerta subjected Plaintiff to disparate treatment and terminated her employment without cause.

34. Carpini and Huerta mistreated Plaintiff by systematically excluding her from within the work environment and/or consistently treating her in a disparaging manner. Carpini and Huerta excluded her from communications and provided none of the requisite job support.

35. Further, Huerta demanded to accompany Plaintiff to an ultrasound to confirm her pregnancy.

36. Defendant did not treat male employees in this same manner. Huerta did not demand to do the same with anu other temporarily disabled employees.

37. Without just cause or a good faith reason, Defendant, terminated Plaintiff's employment on August 9, 2022. for no apparent reason.

38. Further, and prior to her termination, Plaintiff was required to attend a four-day training in New York without being offered the same benefits and transportation accommodations that other non-pregnant employees received.

39. At all times, Carpini, Huerta, and/or other employees within Defendant's company acted within the scope of their duties.

40. Defendant's representatives and agents had actual knowledge of Plaintiff's pregnancy at the time they terminated Plaintiff.

41. At the time it was notified, Defendant had a duty the same manner it treated any other temporarily disabled employees.

42. Plaintiff's sex, and specifically her pregnancy, was, at minimum, a motivating factor in Defendant's decision to terminate Plaintiff and/or Defendant's decision to send Plaintiff to New York while Huerta was on vacation.

43. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages and benefits, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

44. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

45. Defendant's stated reason for terminating Plaintiff was pretextual.

   WHEREFORE, Plaintiff requests that:

   A. The Court award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

 B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

 C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT II**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**(PREGNANCY DISCRIMINATION)**

46. Plaintiff incorporates herein the allegations contained in paragraphs 1–30, inclusive, as though same were fully re-written, and says:

47. All conditions precedent to the filing of this action were met or waived. Plaintiff's Charge of Discrimination was dually filed with both the EEOC and the Florida Commission on Human Relations ("FCHR"). The FCHR did not issue a determination within the permissible time frame.

48. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01-760.11, based on her status as a pregnant woman.

49. Plaintiff was subject to adverse employment action (termination). Her pregnancy was, at minimum, a motivating factor in Defendant's decision to terminate.

50. Defendant affected Plaintiff's compensation, terms, and conditions, or privileges of Plaintiff's employment.

51. At all times, Defendant was aware of its failure to provide Plaintiff with the same terms and conditions or privileges of employment it would provide to other temporarily disabled employees and/or other non-pregnant employees.

52. As a direct and proximate result of Defendant's willful actions, Plaintiff has suffered emotional distress and other compensatory and actual damages and has been compelled to retain the services of counsel to represent her on this matter.

53. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits, pursuant to the provisions of the FCRA.

54. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its managers and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

55. Defendant's stated reason for terminating Plaintiff was pretextual.

    WHEREFORE, Plaintiff requests that:

    A. Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA, Fla. Stat. §§ 760.01-760.11;

    B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff JANET NICOLATOS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: August 22, 2022

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive
Suite 290
Miami FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200